IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

———————————————————————————————————————

JASON LOHNER,                        )
                                     )
        Plaintiff,                   )
v.                                   )          No. 1:16-cv-02708-STA-egb
                                     )
LAKE COUNTY, TENNESSEE, and          )
LAKE COUNTY SHERIFF'S                )
DEPARTMENT                           )
                                     )
        Defendants.                  )

———————————————————————————————————————

ORDER GRANTING DEFENDANT LAKE COUNTY SHERIFF'S DEPARTMENT'S
MOTION TO DISMISS AND GRANTING DEFENDANT LAKE COUNTY,
TENNESSEE'S PARTIAL MOTION TO DISMISS

———————————————————————————————————————

Before the Court is Defendants Lake County, Tennessee and Lake County Sheriff's Department's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 19.) The motion seeks dismissal of all claims against the Sheriff's Department and most claims against the County. Plaintiff has filed an untimely response (ECF Nos. 23 & 24), to which Defendants have replied (ECF No. 26.) For the reasons discussed below, the Motion is GRANTED.

I.      BACKGROUND

On August 15, 2015, Plaintiff was housed in the Lake County, Tennessee jail awaiting a bond hearing the following day. (*See* ECF No. 1-1 & 15.) Shortly after being placed in a cell in the general population, he was attacked and beaten by other inmates. Plaintiff alleges in his complaint that Defendants negligently failed to provide adequate supervision in the jail, resulting in his physical and psychological injury. On August 18, 2016, Plaintiff instituted this action in

state court in Tiptonville, Tennessee, alleging civil rights violations under 42 U.S.C. § 1983 and common law negligence under Tennessee law.  (ECF No. 1-1.)  Defendants removed the case to this Court on August 31, 2016, pursuant to 28 U.S.C. § 1331.  (ECF No. 1.)  Defendants filed the instant motion on December 20, 2016.  (ECF No. 19.)  The motion advances the following arguments, the first regarding the Sheriff's Department and the rest with regard to the County:

(1)  Plaintiff's claims against the Sheriff's Department should be dismissed because it is not a legal entity amenable to suit,

(2)  Plaintiff's Fourth Amendment claim should be dismissed because the Fourteenth Amendment provides an explicit source of recovery,

(3)  Plaintiff's Fifth Amendment claim should be dismissed because the federal government is not involved,

(4)  Plaintiff's Eighth Amendment claim should be dismissed because there was no criminal conviction,

(5)  Plaintiff's claim under the Tennessee Constitution should be dismissed because Tennessee does not recognize a cause of action for damages under its constitution,

(6)  Plaintiff's claim for punitive damages should be dismissed because counties are immune from punitive damages claims in Tennessee, and

(7)  Plaintiff's state law claims should be dismissed because the County is immune under Tennessee's Governmental Tort Liability Act for injuries arising out of civil rights violations.

(*See* ECF No. 19-1).  Defendants do not challenge Plaintiff's Fourteenth Amendment claim. (*See* ECF No. 1-1 at 5.)

Plaintiff did not respond to Defendants' motion within twenty-eight days, as required by the Local Rules.  *See* W.D. Tenn. R. 12.1(b).  On March 3, 2017, this Court issued an order directing Plaintiff to show cause why his claims against Defendants should not be dismissed for failure to prosecute.  (ECF No. 21.)  Plaintiff filed a response to the order along with a response

to the motion. (ECF Nos. 23 & 24.) The response included several concessions related to the motion to dismiss. (*See infra* Section III.A.)

## II.    LEGAL STANDARD

### A.    Untimeliness of the 12(b)(6) Motion

Plaintiff correctly points out in his response that Defendants' motion is untimely. A motion to dismiss under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Relatedly, Rule 12(h) provides that "[f]ailure to state a claim upon which relief can be granted" may be raised in a pleading, by motion under Rule 12(c), or at trial. Fed. R. Civ. P. 12(h)(2). In this case, Defendants filed their answer on October 21, 2016 (ECF No. 15), and their motion to dismiss nearly two months later (ECF No. 19). In that situation, Defendants should have filed a motion for judgment on the pleadings pursuant to Rule 12(c). *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings."). Substantively, this distinction is not one of great pith and moment, as "[a] motion for judgment on the pleadings is determined under the same standard of review as a motion to dismiss under Rule 12(b)(6)." *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987)).

Because the standards for both motions are the same, district courts within our circuit have expressed a willingness to construe motions under 12(b)(6) as motions under 12(c) and vice versa. *See Ortiz v. Holmes*, 157 F. Supp. 3d 692, 695 (N.D. Ohio 2016); *Bringman v. Vill. of Fredericktown, Ohio*, No. 2:15-CV-628, 2015 WL 7721208, at *2 (S.D. Ohio Nov. 30, 2015); *Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 628 (W.D. Mich. 2015) (collecting cases);

3

*see also Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). In light of this precedent, and in the interest of judicial economy, the Court construes Defendants' 12(b)(6) motion as a motion for judgment on the pleadings under Rule 12(c).

### B.    Rule 12(b)(6) Standard

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rules of Civil Procedure 12(b)(6) or 12(c). When considering the motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). Legal conclusions and unwarranted factual inferences, however, need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Under Federal Rule of Civil Procedure 8, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III.    ANALYSIS

### A.    Uncontested Claims for Dismissal

In his response, Plaintiff offers several concessions regarding the various arguments in Defendants' motion to dismiss.  First, "Plaintiff does not contest the dismissal of the Lake County Sheriff's Department as a defendant in this matter."  (ECF No. 23 at 3.)  Accordingly, the instant motion is GRANTED as to the Sheriff's Department and it is dismissed from this case as a defendant.[1]  Plaintiff also "does not oppose entry of an order confining his claims under 42 U.S.C. §1983 to those seeking damages for deprivation of rights secured by the Fourteenth Amendment."  (*Id.* at 2.)  Therefore, the Court will also dismiss Plaintiff's claims under the Fourth, Fifth, and Eighth Amendments to the Federal Constitution, and Article I, Section 7 of the Tennessee Constitution.  Finally, because Plaintiff agrees that punitive damages are not available against Lake County, the Court dismisses his claim for punitive damages.  (*See id.* at 2–3.)

### B.    State Law Negligence Claim

Two claims now remain: Plaintiff's § 1983 claim under the Fourteenth Amendment and his claim for negligence under Tennessee law.  Here, Defendant only challenges the latter, arguing that it is barred by sovereign immunity.  The Tennessee Governmental Tort Liability Act ("TGTLA") provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental

---

[1] For this reason, the Court uses the term "Defendant" hereinafter to refer to Lake County individually.

entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a). The term "governmental entity" encompasses political subdivisions of the state, including counties. Tenn. Code Ann. § 29-20-102(3)(A). The statute contains several exceptions, waiving Tennessee's sovereign immunity in certain situations. Plaintiff cites section 29-20-205, which removes immunity "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment," as grounds for maintaining this suit. (Tenn. Code Ann. § 29-20-205; *see* ECF No. 1-1 at 4.)

This provision, however, also has its own exceptions. Defendant notes that sovereign immunity is not removed "if the injury arises out of . . . civil rights." Tenn. Code Ann. § 29-20-205. This applies not only to claims brought under causes of action created by civil rights legislation, but also to those "aris[ing] out of the same circumstances giving rise to [a] civil rights claim under § 1983." *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010). The Sixth Circuit has explicitly held that "the plain language of the TGTLA preserves immunity for suits claiming negligent injuries arising from civil rights violations." *Id.* Plaintiff's negligence claim is of this exact sort, and Defendant's request for its dismissal is GRANTED.

Plaintiff argues in the alternative that his state law negligence claim should be remanded back to state court rather than dismissed by this Court. (ECF No. 23 at 11.) This request is untimely. Twenty-eight U.S.C. § 1447 requires that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Plaintiff made his first request for remand in his response, which he filed over five months after the thirty-day deadline. (ECF No. 23.) Plaintiff also does not allege a lack of subject matter jurisdiction.

Accordingly, this request is denied.

## IV.    CONCLUSION

For the reasons stated above, the Motion to Dismiss is GRANTED.  Defendant Lake County Sheriff's Department is hereby dismissed from this action as a defendant.  This case remains active against Defendant Lake County, as one claim under 42 U.S.C. § 1983 remains.


IT IS SO ORDERED this 24th day of July, 2017.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE